IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LIJIA E. GUEVARA, | ) | Case No.: 2:22-cv-781-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| VIVA FREIGHT GLOBAL LLC., | ) | **AND JURY DEMAND** |
| GANISHER BEKMURADOV, AMAZON | ) | |
| LOGISTICS, INC., AMAZON | ) | |
| LOGISTICS, LLC, AMAZON.COM, INC., | ) | |
| AMAZON.COM SERVICES, LLC., | ) | |
| AMAZON WEB SERVICE, INC., STI | ) | |
| HOLDINGS, INC., STOUGHTON | ) | |
| TRAILERS, LLC. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMES NOW, Lijia E. Guevara, Plaintiff herein, and files her Complaint against Defendants Viva Freight Global LLC ("Viva Freight"), Amazon Logistics, Inc., Amazon Logistics, LLC, Amazon.com, Inc., Amazon.com Services, LLC, Amazon Web Services, Inc., ("Amazon Defendants") STI Holdings, Inc., Stoughton Trailers, LLC, ("Stoughton Defendants") and Ganisher Bekmuradov ("Bekmuradov") showing the Court as follows:

## I. JURISDICTION AND VENUE

1. Plaintiff is a resident of North Charleston, South Carolina.

2. Defendant Viva Freight Global, LLC is an Ohio Limited Liability Corporation with its principal offices located in the State of Ohio. Defendant Viva Freight Global LLC ("Viva Freight") does not maintain a registered agent for service of process in the State of South Carolina and may be served through its registered agent for service of process in the State

1

of Ohio, Abdurakhmon Erkinov, 5009 Aravesto Avenue, Apartment 2, Boardman Ohio 44512.

3. This Court has personal jurisdiction over Defendant Viva Freight under the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, because Defendant Viva Freight has (1) transacted business within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) caused tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

4. Defendant Viva Freight is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

   a. Engaging in a systematic pattern of business operations including the delivery and transport of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

   b. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

   c. Conducting and engaging in substantial business and other activities, including interstate and intrastate commerce, in South Carolina by delivering and distributing products via its trucking operations.

5. Defendant Viva Freight has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

6. Upon information and belief Defendant Ganisher Bekmuradov is a resident of the Commonwealth of Pennsylvania and may be served with process at 10022 Ferndale Street, 1st Floor, Philadelphia, Pennsylvania 19116.

7. This Court has personal jurisdiction over Defendant Bekmuradov under the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, because Defendant Bekmuradov has (1) transacted business within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) caused tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

8. Defendant Amazon Logistics, Inc. is a corporation formed under the laws of Delaware with principal offices in Seattle, Washington, and operates throughout the United States, including within this Judicial District. Defendant Amazon Logistics, Inc. does not maintain a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of Washington, Corporation Service Company, 300 Deschutes Way SW, Ste. 208 MC-CSC1, Tumwater, Washington 98501.

9. This Court has personal jurisdiction over Defendant Amazon Logistics, Inc. under the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, because Defendant Amazon Logistics, Inc. has (1) transacted business and/or maintains a business presence within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) caused tortious personal injury to Plaintiff in the State of South

Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

10. Defendant Amazon Logistics, Inc. is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

    a. Engaging in a systematic pattern of business operations including the warehousing, delivery, and transport of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

    b. The warehousing of goods and products within the State of South Carolina;

    c. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

    d. Conducting and engaging in substantial business and other activities, including warehousing and interstate and intrastate commerce, in South Carolina by delivering and distributing products via its trucking operations.

11. Defendant Amazon Logistics, Inc. has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

12. Amazon Logistics, LLC is a corporation formed under the laws of Delaware with principal offices in Seattle, Washington, and operates throughout the United States, including within this Judicial District. Defendant Amazon Logistics, LLC does not maintain a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of Washington, Corporation

Service Company, 300 Deschutes Way SW, Ste. 208 MC-CSC1, Tumwater, Washington 98501.

13. This Court has personal jurisdiction over Defendant Amazon Logistics, LLC under the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, because Defendant Amazon Logistics, LLC has (1) transacted business and/or maintains a business presence within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) caused tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

14. Defendant Amazon Logistics, LLC is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

   a. Engaging in a systematic pattern of business operations including the warehousing, delivery, and transport of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

   b. The warehousing of goods and products within the State of South Carolina;

   c. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

   d. Conducting and engaging in substantial business and other activities, including warehousing and interstate and intrastate commerce, in South Carolina by delivering and distributing products via its trucking operations.

15. Defendant Amazon Logistics, LLC has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

16. Amazon.Com, Inc. is a corporation formed under the laws of Delaware with principal offices in Seattle, Washington, and operates throughout the United States, including within this Judicial District. Amazon.Com, Inc. maintains a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of South Carolina, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169.

17. This Court has personal jurisdiction over Defendant Amazon.Com, Inc. under the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, because Defendant Amazon.Com, Inc. has (1) transacted business and/or maintains a business presence within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) caused tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

18. Defendant Amazon.Com, Inc. is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

    a.  Engaging in a systematic pattern of business operations including the warehousing, delivery, and transport of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

    b.  The warehousing of goods and products within the State of South Carolina;

    c.   Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

    d.   Conducting and engaging in substantial business and other activities, including warehousing and interstate and intrastate commerce, in South Carolina by delivering and distributing products via its trucking operations.

19. Defendant Amazon.Com, Inc. has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

20. Amazon.Com Services, LLC is a limited liability company formed under the laws of Delaware with principal offices in Seattle, Washington, and operates throughout the United States, including within this Judicial District. Amazon.Com Services, LLC maintains a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of South Carolina, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169.

21. This Court has personal jurisdiction over Defendant Amazon.Com Services, LLC under the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, because Defendant Amazon.Com Services, LLC has (1) transacted business and/or maintains a business presence within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) caused tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

22. Defendant Amazon.Com Services, LLC is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

    a. Engaging in a systematic pattern of business operations including the warehousing, delivery, and transport of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

    b. The warehousing of goods and products within the State of South Carolina;

    c. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

    d. Conducting and engaging in substantial business and other activities, including warehousing and interstate and intrastate commerce, in South Carolina by delivering and distributing products via its trucking operations.

23. Defendant Amazon.Com Services, LLC has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

24. Amazon Web Services, Inc. is a corporation formed under the laws of Delaware with principal offices in Seattle, Washington, and operates throughout the United States, including within this Judicial District. Defendant Amazon Web Services, Inc. does not maintain a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of Washington, Corporation Service Company, 300 Deschutes Way SW, Ste. 208 MC-CSC1, Tumwater, Washington 98501.

25. This Court has personal jurisdiction over Defendant Amazon Web Services, Inc. under the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, because Defendant Amazon Web Services, Inc. has (1) transacted business and/or maintains a business presence within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) caused tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

26. Defendant Amazon Web Services, Inc. is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

   a. Engaging in a systematic pattern of business operations including the warehousing, delivery, and transport of goods within and through the State of South Carolina using the roadways of and within the State of South Carolina;

   b. The warehousing of goods and products within the State of South Carolina;

   c. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

   d. Conducting and engaging in substantial business and other activities, including warehousing and interstate and intrastate commerce, in South Carolina by delivering and distributing products via its trucking operations.

27. Defendant Amazon Web Services, Inc. has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

28. STI Holdings, Inc. is a corporation formed under the laws of Wisconsin with principal offices in Stoughton, Wisconsin, and operates throughout the United States, including within this Judicial District. Defendant STI Holdings, Inc. does maintain a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of South Carolina, to registered agent, Brian Copeland, 550 Corey Mill Road, Lexington, SC, 29072.

29. This Court has personal jurisdiction over Defendant STI Holdings, Inc. under the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, because Defendant STI has (1) transacted business and/or maintains a business presence within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) caused tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

30. Defendant STI Holdings, Inc. is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

    a. Engaging in a systematic pattern of business operations including the leasing of trailers in the State of South Carolina using the roadways of and within the State of South Carolina;

    b. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

    c. Conducting and engaging in substantial business and other activities, including leasing trailers for interstate and intrastate commerce, in South Carolina.

31. Defendant STI Holdings, Inc. has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

32. Stoughton Trailers, LLC is a limited liability company formed under the laws of Wisconsin with principal offices in Stoughton, Wisconsin, and operates throughout the United States, including within this Judicial District. Defendant Stoughton Trailers, LLC does not maintain a registered agent for service of process in the State of South Carolina and may be served with process through its registered agent for service of process in the State of Wisconsin, Richard G. Raymond, 416 S Academy St., Stoughton, Wisconsin 53589.

33. This Court has personal jurisdiction over Defendant Stoughton Trailers, LLC under the South Carolina Long-Arm Statute, S.C. Code Ann. § 36-2-803, because Defendant Stoughton Trailers, LLC has (1) transacted business and/or maintains a business presence within the State of South Carolina, (2) committed tortious acts and/or omissions within the State of South Carolina, (3) caused tortious personal injury to Plaintiff in the State of South Carolina, and (4) used the roadways of and/or within the State of South Carolina including the time at which its tortious acts and/or omissions caused injury to Plaintiff.

34. Defendant Stoughton Trailers, LLC is subject to the jurisdiction of this Court because its acts and/or omissions are based upon substantial contacts with the State of South Carolina including, but not limited to:

   a. Engaging in a systematic pattern of business operations including the leasing of trailers in the State of South Carolina using the roadways of and within the State of South Carolina;

b. Engaging in solicitation activities in the State of South Carolina to promote the sale, consumption, and use of its services;

c. Conducting and engaging in substantial business and other activities, including leasing trailers for interstate and intrastate commerce, in South Carolina.

35. Defendant Stoughton Trailers, LLC has such sufficient minimum contacts with the State of South Carolina that are purposefully directed to the State of South Carolina that the filing of this action does not offend traditional notions of fair play and substantial justice.

36. This District Court has subject matter jurisdiction to entertain this action pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship of the parties and because the amount in controversy exceeds $75,000.

37. Venue is proper in South Carolina and in this Division because a substantial part of the events and omissions giving rise to this claim occurred in South Carolina and in this Division.

## II. FACTUAL ALLEGATIONS

38. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 37 as if fully alleged herein.

39. All listed Amazon entities are liable and are hereinafter referred to as "Amazon Defendants." At all relevant times hereto, Amazon Defendants comprise the world's largest e-commerce company.

40. At all relevant times hereto, Amazon Defendants leased the trailer in question from STI Holdings, Inc. and Stoughton Trailers, LLC ("Stoughton Defendants"). The trailer displayed a "Stoughton Lease" label prominently on the rear of the trailer along with the Stoughton Lease website address, "stoughtonlease.com."



41. Amazon Defendants advertise for and contract with delivery partners for the transportation of Amazon goods between warehousing locations, including between Amazon warehouse locations, as part of its freight operations, using the website "Amazon Freight" at https://freight.amazon.com/.

42. Amazon Defendants use the "Amazon Freight" website to direct motor carriers to a program called "Relay" where a motor carrier that owns/leases its own trucks can work with Amazon Defendants by hauling Amazon trailers full of Amazon product between suppliers, distributors, and warehouses.

43. Amazon "Relay" boasts short-term contracts for motor carriers, the ability to "post trucks" so that Amazon "Relay" matches the truck with an available load, and a "Load Board" where motor carriers can see a selection of exclusive work across Amazon's entire freight network, with the ability to instantly book at https://relay.amazon.com/.

44. Amazon "Relay" has a "Getting Started" page that requires motor carriers to have the following:

    a.   An active DOT number with interstate authority and a valid MC number

    b.   A "Carrier" entity type that is authorized for Property and for Hire

    c.   A Federal Motor Carrier Safety Administration (FMCSA) Safety Rating of "Satisfactory," "None," or "Not Rated"

    d.   All required insurance policies including:

        i.   Commercial General Liability not less than $1,000,000 per occurrence and $2,000,000 in the aggregate

        ii.   Auto Liability not less than $1,000,000 per occurrence, including a trailer replacement coverage of $50,000

        iii.   Cargo coverage of at least $100,000

        iv.   Workers' Compensation insurance in all jurisdictions where your company operates

        v.   Employer Liability not less than $100,000 per occurrence

45. To monitor carrier compliance, Amazon "Relay" states that it uses a variety of tools, internal compliance teams, and third-party compliance monitoring service to monitor continuous compliance.

46. The Amazon "Relay" App has multiple features including, but not limited to, finding, booking and executing Amazon loads, assigning drivers, accessing Amazon's Relay Board, tracking performance, viewing and downloading payment details, and reporting issues to Amazon.

47. The "Relay" App further allows drivers to view and manage load status, report delays, and use "trucker friendly commercial navigation." Amazon "Relay" requires drivers to use Amazon "Relay" products for all Amazon loads.

48. At some time prior to May 20, 2021, the date of the collision at issue, Amazon Defendants contracted with Defendant Viva Freight as part of the "Relay" system, among other ways, for Defendant Viva Freight to pull/haul an Amazon semi-trailer from one location to another.

49. Amazon Defendants entrusted its trailer to Defendant Viva Freight to haul Amazon products interstate.

50. At all times material hereto, Defendant Viva Freight's multiple Federal Motor Carrier Safety Act ("FMCSA") violations were available for Amazon Defendants to inspect.

51. Amazon Defendants failed to inspect Defendant Viva Freight's USDOT information prior to entrusting Defendant Viva Freight with its trailer.

52. Amazon Defendants failed to inspect Defendant Viva Freight's USDOT information prior to entrusting Defendant Viva Freight with jobs to haul Amazon products.

53. On May 20, 2021, Defendant Bekmuradov was acting within the course and scope of his employment with Defendant Global Freight and driving a tractor owned by Defendant Viva Freight and was headed eastbound on Interstate 26 near mile marker 211 in North Charleston, South Carolina.

54. At this time and continuing through the time of the collision at issue, Defendant Viva Freight's tractor, driven by Defendant Bekmuradov, was hauling a trailer with the Amazon logo on its sides and bearing an Amazon tracking identifier starting with AZNG.

55. At this time and continuing through the time of the collision at issue, Defendant Bekmuradov and Defendant Viva Freight were utilizing and/or under dispatch of the Amazon Relay system, and in use of the Amazon Relay app, or were otherwise under the dispatch of Amazon.

56. At the same time, Plaintiff was driving in a lawful, careful and prudent manner and stopped facing eastbound on Interstate 26 due to traffic ahead of her.

57. While Plaintiff was stopped for traffic ahead of her, Defendant Bekmuradov failed to stop his tractor-trailer and collided into the rear of Plaintiff's vehicle.

58. The collision between Defendant Bekmuradov's tractor-trailer and Plaintiff's vehicle forced Plaintiff's vehicle forward such that it caused a collision between several other vehicles.

59. As a result of the collision caused by Defendant Bekmuradov, Plaintiff suffered severe, permanent, and life-altering injuries.

60. At all times relevant hereto, Defendant Bekmuradov was an employee, agent, and legal representative of Defendant Viva Freight, LLC, and acting in the course and scope of his employment.

61. At all times relevant hereto, Defendant Viva Freight, LLC was working under the control of the Amazon "Relay" App promulgated by Amazon Defendants, or was otherwise under the control and dispatch of Amazon Defendants

### III. CAUSES OF ACTION

### COUNT I – NEGLIGENCE & NEGLIGENCE PER SE – DEFENDANT VIVA FREIGHT GLOBAL, LLC & DEFENDANT GANISHER BEKMURADOV

62. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 61 as if fully alleged herein.

16

63. At all relevant times, Defendant Bekmuradov was a Class A licensed commercial vehicle operator driving the tractor-trailer in the course and scope of his employment with Defendant Viva Freight.

64. At all times relevant, Defendant Bekmuradov was driving his tractor-trailer within the course and scope of his agency relationship with Defendant Amazon.

65. Defendant Bekmuradov owed duties to Plaintiff and others to exercise due care in the operation of his tractor-trailer while on the interstates and roadways of the State of South Carolina.

66. Defendant Bekmuradov breached his duties owed in one or more of the following several ways:

    a.  Failing to observe Plaintiff's vehicle was stopped on Interstate 26 due to traffic conditions, when it was at all times in plain and unobstructed view;

    b.  Failing to maintain proper control of his tractor and trailer;

    c.  Failing to stop, slow, or swerve his vehicle after he knew, or should have known that there was a reasonable degree of certainty that he would collide into the vehicle in which the Plaintiff was riding;

    d.  Violating S.C. Code Ann. § 50-05-1520(A) by driving at an excessive speed and failing to maintain a speed that is reasonable and prudent;

    e.  By following too closely in violation of S.C. Code Ann. § 56-5-1930;

    f.  Failing to use the degree of care and caution which a reasonable person under the same or substantially similar circumstances would have used by failing to pay attention to the road while operating a commercial vehicle;

    g.  Driving his commercial motor vehicle in a manner to indicate reckless, willful, wanton, grossly negligent and negligent disregard for the safety of others;

    h.  Violating several Federal Motor Carrier Safety Administration ("FMCSA") Regulations including, but not necessarily limited to, 49 C.F.R. § 392.2, 49 C.F.R. § 383, 49 C.F.R. § 383.71, 49 C.F.R. § 390, 49 C.F.R. § 392, 49 C.F.R. § 395; and,

    i.  Being otherwise negligent and careless in the operation of a tractor-trailer.

67. As a direct and proximate result of Defendant Bekmuradov's negligent acts and omissions, Plaintiff suffered severe and life altering injuries which have been and will continue to be accompanied by physical and mental pain and suffering.

68. Defendants Viva Freight and Amazon Defendants are each vicariously liable for Defendant Bekmuradov's negligent acts and omissions under the doctrine of *respondeat superior*.

## COUNT II – NEGLIGENT ENTRUSTMENT – DEFENDANT VIVA FREIGHT GLOBAL, LLC

69. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 68 as if fully alleged herein.

70. At the time of the collision at issue and all times prior, Defendant Bekmuradov was improperly and/or deficiently trained, unqualified, and/or incapable of operating a commercial motor vehicle safely and in compliance with applicable laws and regulations including the laws of the State of South Carolina and the rules and regulations promulgated by the Federal Motor Carrier Safety Administration.

71. At times prior to the collision at issue, Defendant Viva Freight knew or should have known of Defendant Bekmuradov's improper and/or deficient training, lack of qualifications, and incapability of operating a commercial motor vehicle safely and in conformity with applicable laws, rules, and regulations.

72. Defendant Viva Freight, despite having the above knowledge, entrusted a semi-tractor Defendant Bekmuradov.

73. As a direct, foreseeable, and proximate result of the aforesaid negligent, grossly negligent, reckless, willful and wanton acts and/or omissions of the Defendant Viva Freight in entrusting a semi-tractor to Defendant Bekmuradov, Plaintiff suffered severe and life altering injuries which have been and will continue to be accompanied by physical and mental pain and suffering.











### <u>COUNT III – NEGLIGENT HIRING, SUPERVISION, AND RETENTION – DEFENDANT VIVA FREIGHT GLOBAL, LLC</u>

74. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 73 as if fully alleged herein.

75. At all times material hereto, Defendant Viva Freight was a for hire motor carrier operating under the authority of the United States Department of Transportation ("USDOT").

76. As such, Defendant Viva Freight owed the Plaintiff and others a duty to not negligently hire, supervise, and retain employees.

77. At all relevant times, Defendant Viva Freight's vehicle was a commercial vehicle as is defined by S.C. Code Ann. § 56-1-2030 and was being operated under the control and USDOT authority of Defendant Viva Freight.

78. At the time of the crash, Defendant Viva Freight was the registered owner of the 2016 Volvo Tractor with VIN # 4V4NC9EH8GN938071 bearing license plate # AH03122, which was involved in this accident.

79. In applying for and maintaining operating authority as a motor carrier, Defendant Viva Freight certified to the USDOT that it would:

   a. Have in place a system and an individual responsible for ensuring overall compliance with the FMCSA regulations;

   b. Have in place a driver safety training/orientation program;

   c. Be familiar with DOT regulations governing driver qualifications and have in place a system for overseeing driver qualification requirements (49 C.F.R. §391);

   d. Have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance; and,

   e. Comply with all pertinent Federal, State, local and regulatory requirements when operating within the United States.

80. Defendant Viva Freight knew or should have known that Defendant Bekmuradov's lack of training and inability to comply with the FMCSA regulations and state laws made him an unfit candidate to operate a commercial motor vehicle.

81. Defendant Viva Freight had a duty to ensure that its drivers and vehicles were reasonable safe and complied with all pertinent laws and industry standards concerning the safe operating of commercial vehicles.

82. Defendant Viva Freight breached this duty, and was therefore negligent, in one or more of the following several ways:

   a. Failing to properly train Defendant Bekmuradov on safe driving procedure, keeping a proper looking, maintaining a safe distance from other vehicles, and driving at safe speeds for traffic flow in violation of 49 C.F.R. §383.111;

   b. Failing to ensure that Defendant Bekmuradov operated the commercial motor vehicle in a safe manner and abided by all laws governing the safe operation of commercial motor vehicles, in violation of 49 C.F.R § 392.1;

   c. Failing to properly supervise Defendant Bekmuradov and identify driving behavior and safety procedures for road conditions where traffic has come to a complete stop, that could have been implemented to avoid this collision; and

   d. Failing to follow USDOT requirements applicable to commercial motor vehicles like that driven by Defendant Bekmuradov.

83. Despite Defendant Viva Freight's above knowledge, Viva Freight continued to employ and dispatch Defendant Bekmuradov and entrusted the motor vehicle, dispatch and trailer load to Defendant Bekmuradov the day of the collision at issue.

84. Defendant Viva Freight's negligent conduct violated laws intended to protect individuals like the Plaintiff and prevent collisions with vehicles.

85. Defendant Viva Freight's negligence is a direct and proximate cause of Plaintiff's injuries and damages.

## COUNT IV – NEGLIGENT ENTRUSTMENT AND NEGLIGENT HIRING – AMAZON LOGISTICS, INC., AMAZON LOGISTICS, LLC., AMAZON.COM, INC., AMAZON.COM, SERVICES, LLC., AMAZON WEB SERVICES, INC.

86. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 85 as if fully alleged herein.

87. As an entity engaged in the transportation of goods and subject to Federal Motor Carrier Safety Administration rules and regulations, Amazon Defendants had a duty to investigate the motor carriers that it was hiring before allowing the motor carrier to transport its products.

88. Amazon Defendants acted as a "motor carrier" pursuant to S.C. Code Ann. § 58-23-1110(5).

89. Amazon Defendants directly and knowingly hired Defendant Viva Freight through the Amazon "Relay" platform.

90. Amazon Defendants had to enter into a contract with Viva Freight before Viva Freight could obtain an Amazon trailer and haul loads for Amazon.

91. Prior to the collision and Amazon Defendants contracting with Defendant Viva Freight, Defendant Viva Freight demonstrated through its FMCSA safety violations that it has a pattern of acting negligently and unsafely.

12/10/21, 10:40 AM                    Safety Measurement System - Complete SMS Profile (U.S. DOT# 3371962)

 **SMS** Safety Measurement System

### VIVA FREIGHT GLOBAL LLC

**DBA: VIVA**

U.S. DOT#: 3371962
Address: 5009 ARAVESTA AVE APT 2
BOARDMAN, OH 44512
Number of Vehicles: 25
Number of Drivers: 17
Number of Inspections: 61

### Safety Rating & OOS Rates

(As of 12/09/2021 updated daily from SAFER)

**Not Rated**

### Out of Service Rates

| Type | OOS % | National Avg % |
|------|-------|----------------|
| Vehicle | 10.0 | 20.9 |
| Driver | 9.8 | 5.6 |
| Hazmat | | 4.4 |

### Licensing and Insurance

(As of 12/09/2021 updated hourly from L&I)

**Active For-Hire Authority**

| Type | Yes/No | MC#/MX# |
|------|--------|---------|
| Property | Yes | MC-1081168 |
| Passenger | No | |
| Household Goods | No | |
| Broker | No | |

---

## BASIC Status (Public Property Carrier View) ?

Behavior Analysis & Safety Improvement Categories (BASICs)          Based on a 24-month record ending November 26, 2021

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| | Not Public | Hours-of-Service Compliance | | Controlled Substances and Alcohol | Not Public Hazardous Materials Compliance | | |
| Unsafe Driving | Crash Indicator | | Vehicle Maintenance | | | Driver Fitness | |

### On-Road Performance

| 6.53 Measure | NOT PUBLIC | 0.76 Measure | 2.77 Measure | 0 Measure | NOT PUBLIC | 0.27 Measure |
|---|---|---|---|---|---|---|

### On-Road Performance Detail

| Driver Inspections with Unsafe Driving Violations: 11 | NOT PUBLIC | Driver Inspections: 61 with HOS Compliance Violations: 9 | Vehicle Inspections: 30 with Vehicle Maint. Violations: 10 | Driver Inspections: 61 with Drugs/Alcohol Violations: 0 | NOT PUBLIC | Driver Inspections: 61 with Driver Fitness Violations: 1 |
|---|---|---|---|---|---|---|
| Safety Event Group: 9-21 driver inspections with Unsafe Driving Violations | | Safety Event Group: 21-100 relevant driver inspections | Safety Event Group: 21-100 relevant vehicle inspections | Safety Event Group: No Safety Event Grouping | | Safety Event Group: 21-100 relevant driver inspections |
| Avg. PU × UF: 15 | | | | | | |

https://ai.fmcsa.dot.gov/SMS/Carrier/3371962/CompleteProfile.aspx                                        1/6

12/10/21, 10:40 AM — Safety Measurement System - Complete SMS Profile (U.S. DOT# 3371982)

**Segment:** Combination
**Carrier**

## Investigation Results

| No Acute/Critical Violations Discovered | N/A | No Acute/Critical Violations Discovered | No Acute/Critical Violations Discovered | No Acute/Critical Violations Discovered | NOT PUBLIC | No Acute/Critical Violations Discovered |

Select a BASIC icon above to get details, or view Complete SMS Profile.

### VIOLATION SUMMARY
Violations: 43

| Violations | Description | # Violations | # OOS Violations | Violation Severity Weight | BASIC |
|---|---|---|---|---|---|
| 392.16 | Failing to use seat belt while operating a CMV | 2 | 0 | 7 | Unsafe Driving |
| 392.2C | Failure to obey traffic control device | 1 | 0 | 5 | Unsafe Driving |
| 392.2LW | Lane Restriction violation | 1 | 0 | 3 | Unsafe Driving |
| 392.2PK | Unlawfully parking and/or leaving vehicle in the roadway | 1 | 0 | 1 | Unsafe Driving |
| 392.2-SLLS2 | State/Local Laws - Speeding 6-10 miles per hour over the speed limit. | 2 | 0 | 4 | Unsafe Driving |
| 392.2-SLLS4 | State/Local Laws - Speeding 15 or more miles per hour over the speed limit. | 2 | 0 | 10 | Unsafe Driving |
| 395.22H3 | Driver failed to maintain instruction sheet for ELD malfunction reporting requirements | 1 | 0 | 1 | HOS Compliance |
| 395.22H | Driver failed to maintain supply of blank drivers records of duty status graph-grids | 1 | 0 | 1 | HOS Compliance |
| 395.30B1 | Driver failed to certify the accuracy of the information gathered by the ELD | 2 | 0 | 1 | HOS Compliance |
| 395.3A2-PROP | Driving beyond 14 hour duty period (Property carrying vehicle) | 1 | 0 | 7 | HOS Compliance |
| 395.3(a)(3) | Driving beyond 8 hour driving limit since the end of the last on duty, off duty, or sleeper period of at least 30 minutes | 1 | 0 | 7 | HOS Compliance |
| 395.3A3-PROP | Driving beyond 11 hour driving limit. (Property Carrying vehicle) | 1 | 0 | 7 | HOS Compliance |
| 395.3R2 | Driving after 70 hours on duty in a 8 day period. (Property carrying vehicle) | 1 | 0 | 7 | HOS Compliance |
| 395.8A-NON-ELD | No record of duty status when one is required (ELD Not Required) | 1 | 1 | 5 | HOS Compliance |
| 395.8(K)1 | False report of drivers record of duty status | 4 | 4 | 7 | HOS Compliance |
| 395.8(f)(1) | Driver's record of duty status not current | 4 | 0 | 5 | HOS Compliance |
| 383.23(a)(2) Operating a CMV without a CDL | | 1 | 1 | 8 | Driver Fitness |
| 392.9(a)(2) | Failing to secure vehicle equipment | 1 | 1 | 1 | Vehicle Maint. |

https://ai.fmcsa.dot.gov/SMS/Carrier/3371982/CompleteProfile.aspx    2/6

---

12/10/21, 10:40 AM — Safety Measurement System - Complete SMS Profile (U.S. DOT# 3371982)

| | | | | | |
|---|---|---|---|---|---|
| 393.11 | No or defective lighting devices or reflective material as required | 1 | 0 | 3 | Vehicle Maint. |
| 393.11TL | Truck-Tractor lower rear mud flaps retroreflective sheeting / reflex reflective material requirements for vehicles manufactured after July 1997 | 1 | 0 | 3 | Vehicle Maint. |
| 393.45DLUV | Brake Connections with Leaks Under Vehicle | 1 | 0 | 4 | Vehicle Maint. |
| 393.47(e) | Clamp or Roto type brake out-of-adjustment | 1 | 0 | 4 | Vehicle Maint. |
| 393.53(b) | CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fa is to compensate for wear | 1 | 0 | 4 | Vehicle Maint. |
| 393.75C-OOS | Tire-other tread depth less than 1/32 of inch measured in 2 adjacent major tread grooves 3 separate locations 8 inches apart | 1 | 0 | 8 | Vehicle Maint. |
| 393.9 | Inoperable Required Lamp | 4 | 1 | 2 | Vehicle Maint. |
| 393.95(a) | No/discharged/unsecured fire extinguisher | 1 | 0 | 2 | Vehicle Maint. |
| 393.9(a) | Inoperative Brake Lamps | 2 | 1 | 6 | Vehicle Maint. |
| 393.9TS | Inoperative turn signal | 2 | 1 | 6 | Vehicle Maint. |
| 396.17(c) | Operating a CMV without proof of a periodic inspection | 1 | 1 | 4 | Vehicle Maint. |

### INSPECTION HISTORY
Total Inspections: 61

| | Report | | | Vehicle | | | Measure | |
|---|---|---|---|---|---|---|---|---|
| Inspection Date | Number | State | Plate Number | Plate State | Type | Weight (SW) | Time Weight (TW) |
| 11/3/2021 | CANSPD001340 | CA | AH08853 | PA | TRUCK TRACTOR | | 1 |
| 10/13/2021 | COFF1L501047 | CO | NONE | PA | TRUCK TRACTOR | | 1 |
| 9/15/2021 | NYSPT04801 53 | NY | 207340 | PA | TRUCK TRACTOR | | 1 |

Vehicle Maint. Violation: 393.11TL Truck-Tractor lower rear mud flaps retroreflective sheeting / reflex reflective material requirements for vehicles manufactured after July 1997 — 3
Vehicle Maint. Violation: 393.9TS Inoperative turn signal — 6

| 9/13/2021 | PAC211125442 | PA | AH04918 | PA | TRUCK TRACTOR | | 1 |

Vehicle Maint. Violation: 396.17(c) Operating a CMV without proof of a periodic inspection — 4

| 9/9/2021 | ORAAXN006158 | OR | XP44518 | CA | TRUCK TRACTOR | | 3 |
| 9/7/2021 | OKFE13173654 | OK | P116536? | IL | TRUCK TRACTOR | | 3 |

Unsafe Driving Violation: 383.23(a)(2) Operating a CMV without a CDL (OOS) — 8 + 2 (OOS)

| 9/7/2021 | NYSPG023106 | NY | P105396? | IL | TRUCK TRACTOR | | 3 |

Vehicle Maint. Violation: 393.11TL Truck-Tractor lower rear mud flaps retroreflective sheeting / reflex reflective material requirements for vehicles manufactured after July 1997 — 2 + 2 (OOS)
Vehicle Maint. Violation: 393.9 Inoperable Required Lamp (OOS) — 5
HOS Compliance Violation: 395.8(f)(1) Drivers record of duty status not current — 5

| 8/30/2021 | KYCHK301400 | KY | P104532 3 | IL | TRUCK TRACTOR | | 3 |
| 8/26/2021 | MIFEFM04278 | MI | 207340 | NE | TRUCK TRACTOR | | 3 |

Vehicle Maint. Violation: 393.47(e) Clamp or Roto type brake out-of-adjustment — 4
Vehicle Maint. Violation: 393.53(b) CMV manufactured after 10/19/94 has an automatic airbrake adjustment system that fails to compensate for wear — 4

| 8/23/2021 | KYCV44650547 | KY | AH04918 | PA | TRUCK TRACTOR | | 3 |
| 8/17/2021 | AZ0272892936 | AZ | P105396? | IL | TRUCK TRACTOR | | 3 |
| 8/13/2021 | CAL064001411 | CA | AH06422 | PA | TRUCK TRACTOR | | 3 |
| 8/11/2021 | MD3061002783 | MD | 939756 | MO | TRUCK TRACTOR | | 3 |
| 7/15/2021 | PAE950119627 | PA | P116536T | IL | TRUCK TRACTOR | | 3 |

https://ai.fmcsa.dot.gov/SMS/Carrier/3371982/CompleteProfile.aspx    3/6

---

12/10/21, 10:40 AM — Safety Measurement System - Complete SMS Profile (U.S. DOT# 3371982)

| | Report | | | Vehicle | | | Measure | |
|---|---|---|---|---|---|---|---|---|
| Inspection Date | Number | State | Plate Number | Plate State | Type | Weight (SW) | Time Weight (TW) |

Vehicle Maint. Violation: 393.11 No or defective lighting devices or reflective material as required
Vehicle Maint. Violation: 393.9 Inoperable Required Lamp — 2

| 7/13/2021 | WAN531003454 | WA | XP30572 | CA | TRUCK TRACTOR | | 3 |

Unsafe Driving Violation: 392.16 Failing to use seat belt while operating a CMV — 3

| 8/23/2021 | GA0123004668 | GA | P1199033 | IL | TRUCK TRACTOR | | 3 |

Unsafe Driving Violation: 392.2LV Lane Restriction violation

| 6/2/2021 | NC0006311601 | NC | 972F32 | | TRUCK TRACTOR | | 3 |

Unsafe Driving Violation: 392.2PK Unlawfully parking and/or leaving vehicle in the roadway

| 5/20/2021 | MIANDE003951 | MI | 207340 | NB | TRUCK TRACTOR | | 3 |

Vehicle Maint. Violation: 393.9(a) Inoperative Brake Lamps
Vehicle Maint. Violation: 393.9TS Inoperative turn signal (OOS) — 6 + 1 (OOS)

| 5/20/2021 | SCM2FT001943 | SC | AH03122 | PA | TRUCK TRACTOR | | 3 |

HOS Compliance Violation: 395.30B1 Driver failed to certify the accuracy of the information gathered by the CLD — 1

| 5/2/2021 | UT21FT000045 | UT | PWE7517 | OH | TRUCK TRACTOR | | 3 |
| 4/24/2021 | NC0006297352 | NC | AG77168 | PA | TRUCK TRACTOR | | 3 |

Unsafe Driving Violation: 392.2LV Lane Restriction violation

| 4/13/2021 | OH3235007818 | OH | AH06422 | PA | TRUCK TRACTOR | | 2 |
| 3/30/2021 | MD0180004206 | MD | AH06422 | PA | TRUCK TRACTOR | | 2 |

Unsafe Driving Violation: 392.2-SLLS4 State/Local Laws - Speeding 15 or more miles per hour over the speed limit. — 10

| 3/30/2021 | AZ0326900126 | AZ | 855286PC | NY | TRUCK TRACTOR | | 2 |

Vehicle Maint. Violation: 393.95(a) No/discharged/unsecured fire extinguisher — 2

| 3/31/2021 | OH3246024262 | OH | AH04918 | PA | TRUCK TRACTOR | | 2 |
| 1/25/2021 | MDIN200001645 | MD | AG36007 | PA | TRUCK TRACTOR | | 2 |
| 1/12/2021 | MO2210001135 | MD | 939758 | MO | TRUCK TRACTOR | | 2 |
| 12/26/2020 | KSHPG040292 | KS | PWE7517 | OH | TRUCK TRACTOR | | 2 |

Vehicle Maint. Violation: 393.95(a) No/discharged/unsecured fire extinguisher

| 12/26/2020 | CAUFQ000627 | CA | AG90948 | PA | TRUCK TRACTOR | | 2 |
| 12/21/2020 | COPF24KG0247 | CO | A677168 | PA | TRUCK TRACTOR | | 2 |
| 12/21/2020 | OKPE13173066 | OK | P1064778 | IL | TRUCK TRACTOR | | 2 |

Vehicle Maint. Violation: 393.45DLUV Brake Connections with Leaks Under Vehicle — 4
Vehicle Maint. Violation: 393.9 Inoperable Required Lamp — 2

| 11/23/2020 | WA662200901 | WA | P1064778 | IL | TRUCK TRACTOR | | 1 |
| 11/22/2020 | ABS18100843R | AR | P1012867 | IL | TRUCK TRACTOR | | 1 |
| 11/19/2020 | IN602100823R | IN | TÉMP | PA | TRUCK TRACTOR | | 1 |

HOS Compliance Violation: 395.22H4 Driver failed to maintain supply of blank drivers records of duty status graph-grids — 1
HOS Compliance Violation: 395.22H3 Driver failed to maintain instruction sheet for ELD malfunction reporting requirements — 1
Unsafe Driving Violation: 392.2-SLLS2 State/Local Laws - Speeding 6-10 miles per hour over the speed limit. — 4

| 10/25/2020 | MON15800L152 | MO | | | TRUCK TRACTOR | | 1 + 2 (OOS) |

HOS Compliance Violation: 395.3B2 Driving after 70 hours on duty in a 8 day period. (Property carrying vehicle) (OOS) — 1
HOS Compliance Violation: 395.3A2-PROP Driving beyond 14 hour duty limit. (Property Carrying Vehicle) — 7
HOS Compliance Violation: 395.3(a)(3)(iii) Driving beyond 8 hour driving limit since the end of the last on duty, off duty, or sleeper period of at least 30 minutes — 7
HOS Compliance Violation: 395.3A3-PROP Driving beyond 11 hour driving limit. (Property carrying vehicle) — 7
HOS Compliance Violation: 395.8(K)1 False report of drivers record of duty status (OOS) — 7 + 2 (OOS)

| 10/20/2020 | OKFE14181200 | OK | AG90948 | PA | TRUCK TRACTOR | | 1 |
| 10/14/2020 | KYCV4411584 | KY | P97885 | | TRUCK TRACTOR | | 1 |
| 10/14/2020 | WAA0200000963 | WA | P1064778 | IL | TRUCK TRACTOR | | 1 |

https://ai.fmcsa.dot.gov/SMS/Carrier/3371982/CompleteProfile.aspx    4/6

---

12/10/21, 10:40 AM — Safety Measurement System - Complete SMS Profile (U.S. DOT# 3371982)

| | Report | | | Vehicle | | | Measure | |
|---|---|---|---|---|---|---|---|---|
| Inspection Date | Number | State | Plate Number | Plate State | Type | Weight (SW) | Time Weight (TW) |

Unsafe Driving Violation: 392.2C Failure to obey traffic control device

| 10/4/2020 | TNTEXP000582 | TN | C8817A | GA | TRUCK TRACTOR | | 1 |
| 9/29/2020 | AZ1H4Q000012 | AZ | JA12DF | FL | TRUCK TRACTOR | | 1 |

HOS Compliance Violation: 395.8(K)1 False report of drivers record of duty status (OOS) — 7 + 2 (OOS)

| 9/26/2020 | KUSPC0E60806 | KU | 633658 | PA | TRUCK TRACTOR | | 1 |
| 9/24/2020 | NM396L102242 | NM | JA12DF | FL | TRUCK TRACTOR | | 1 |
| 9/22/2020 | MDOWENF02635 | MD | 944F19 | MD | TRUCK TRACTOR | | 1 |

Unsafe Driving Violation: 392.2PK Unlawfully parking and/or leaving vehicle in the roadway
HOS Compliance Violation: 395.30B1 Driver failed to certify the accuracy of the information gathered by the ELD — 1

| 9/14/2020 | KYCV44630193 | KY | C8817A | GA | TRUCK TRACTOR | | 1 |
| 8/31/2020 | KXD49600001 | IN | P1032867 | IL | TRUCK TRACTOR | | 1 |
| 8/20/2020 | MO9613000389 | MO | P1032867 | IL | TRUCK TRACTOR | | 1 |
| 8/17/2020 | NV713401876? | NV | P97885S | IL | TRUCK TRACTOR | | 1 |
| 8/17/2020 | NM324A020986 | NM | P97885S | IL | TRUCK TRACTOR | | 1 |
| 8/14/2020 | INZ72600872R | IN | 944F19 | MO | TRUCK TRACTOR | | 1 |
| 8/14/2020 | OH944830017L | OH | PWR7500 | OH | TRUCK TRACTOR | | 1 |
| 8/6/2020 | GA1264002394 | GA | 8381?PC | NY | TRUCK TRACTOR | | 1 |

Unsafe Driving Violation: 392.2LV Lane Restriction violation

| 8/6/2026 | DET05500235S | DE | JB77J66 | FL | STRAIGHT TRUCK | | 1 |
| 7/14/2020 | WA0217002009 | WA | A0701266 | PA | TRUCK TRACTOR | | 1 |

Vehicle Maint. Violation: 392.9(a)(2) Failing to secure vehicle equipment (OOS) — 1 + 2 (OOS)
Vehicle Maint. Violation: 393.75C-OOS Tire-other tread depth less than 1/32 of inch measured in 2 adjacent major tread grooves 3 separate locations 8 inches apart — 8

| 7/9/2020 | OR0005L571139 | OR | C8817A | GA | STRAIGHT TRUCK | | 1 |
| 6/23/2020 | MD2211820473 | MD | JB77AK | FL | STRAIGHT TRUCK | | 1 |
| 6/18/2020 | COPF2B06311B | CO | NOPLATE | MO | STRAIGHT TRUCK | | 1 |

HOS Compliance Violation: 395.8A-NON-ELD No record of duty status when one is required (ELD Not Required) — 5 + 2 (OOS) (OOS)

| 5/7/2020 | AZ0228007496 | AZ | AG90948 | PA | TRUCK TRACTOR | | 1 |

Unsafe Driving Violation: 392.16 Failing to use seat belt while operating a CMV — 3

| 3/7/2020 | AZ0228004113 | AZ | AG90948 | PA | TRUCK TRACTOR | | 1 |

Unsafe Driving Violation: 392.2-SLLS4 State/Local Laws - Speeding 15 or more miles per hour over the speed limit. — 10

| 3/1/2020 | PAC21 1087635 | PA | AG79958 | PA | TRUCK TRACTOR | | 3 |
| 2/27/2020 | OH3246122981 | OH | AG79958 | PA | TRUCK TRACTOR | | 3 |
| 1/31/2020 | IN8010003810 | IN | AC86040 | PA | TRUCK TRACTOR | | 3 |

HOS Compliance Violation: 395.8A-NON-ELD No record of duty status when one is required (ELD Not Required) — 1 + 2 (OOS)

### REVIEWED–NOT PREVENTABLE CRASH ACTIVITY (VEHICLES INVOLVED IN CRASHES)
Total Number of Crashes: 0

This carrier has no crashes to display.

### CRASHES INCLUDED IN SMS (VEHICLES INVOLVED IN CRASHES)
Total Number of Crashes: 2

| | Report | | | | Vehicle | | | Crash | | Measure | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Type | Fatal | Inj. | Tow | Haz | Severity Weight (SW) | Time Weight (TW) | Total Weight (TxW) |
| 5/20/2021 | SC0011241994 | SC | AH03122 | PA | 0 | 2 | Yes | No | 2 | 3 | 6 |
| 10/6/2020 | KY0072S50356 | KY | AG90948 | PA | 0 | 0 | Yes | No | 2 | 1 | 2 |

https://ai.fmcsa.dot.gov/SMS/Carrier/3371982/CompleteProfile.aspx    5/6



92. Defendant Viva Freight's recorded safety violations were available publicly upon reasonable investigation and inspection of Viva Freight's FMSCA record.

93. Defendant Amazon breached its duties owed by failing to do a public FMCSA search of Defendant Viva Freight's USDOT number to confirm or deny whether Defendant Viva Freight was fit for interstate and/or intrastate transportation of Amazon products.

94. Amazon Defendants failed to comply with its own rules and policies by hiring Viva Freight where Amazon required one-million ($1,000,000) in coverage. Viva Freight also failed to carry the minimum two-million dollars ($2,000,000) aggregate amount of coverage.

95. Amazon Defendants negligently contracted with and/or hired and/or retained Defendant Viva Freight as a freight partner and negligently entrusted Defendant Viva Freight to pull/haul Amazon's semi-trailers, including the one being pulled/hauled by Defendant Bekmuradov at the time of the collision with Plaintiff.

96. Amazon Defendants' negligent acts and/or omissions in contracting with, hiring, and/or retaining Defendant Viva Freight and/or Defendant Bekmuradov is a direct and proximate cause of Plaintiff's injuries and damages.

97. Amazon Defendants use of its "Relay" platform and failure to adequately investigate the motor carriers and/or drivers it contracted with, hired, and/or otherwise partnered with, including Defendants Viva Freight and Bekmuradov, for the movement of Amazon products constitutes negligent, grossly negligent and wanton behavior because a reasonable investigation would have revealed Defendant Viva Freight's numerous safety violations.

98. Instead, Amazon Defendants failed to realize and consider well-known logistics industry safety concepts and instead chose profits over basic safety for the public when it contracted with Defendants Viva Freight and Bekmuradov and entrusted to them Amazon's semi-trailer.

99. Amazon Defendants' negligent acts and omissions are a direct and proximate cause of Plaintiff's injuries and damages.

## COUNT V – VICARIOUS LIABILITY – AMAZON LOGISTICS, INC., AMAZON LOGISTICS, LLC., AMAZON.COM, INC., AMAZON.COM SERVICES, LLC., AMAZON WEB SERVICES, INC.

100. Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 99 as if fully alleged herein.

101. On information and belief, Amazon Defendants had a custom and practice of engaging motor carriers to perform interstate freight hauling of Amazon products.

102. Amazon Defendants utilized their Relay App to engage motor carriers, such as Defendant Viva Freight.

103. Defendant Viva Freight utilized the Amazon Relay App, among other applications and programs, to become a motor carrier for Amazon Defendants.

104.     Defendant Viva Freight was supposed to meet all necessary requirements on the Amazon Relay App in order to haul freight for Amazon Defendants.

105.     At all times material hereto, Defendant Viva Freight utilized Amazon Defendants' trailer to haul the Amazon materials.

106.     Amazon Defendants monitored Defendant Viva Freight's compliance, performance, and any reported issues through the Amazon Relay App, among other applications and programs.

107.     Defendant Viva Freight could not complete any jobs for Amazon Defendants without utilizing the Amazon Relay App, or other applications and programs.

108.     Defendant Viva Freight operated the Amazon trailer under the consent and control of Amazon Defendants.

109.     Amazon Defendants exercised sufficient control over Defendant Viva Freight through the Amazon Relay App, and other applications and programs, that Amazon Defendants are vicariously liable for the negligence of Defendant Viva Freight.

## COUNT VI – NEGLIGENT ENTRUSTMENT – STI HOLDINGS, INC., STOUGHTON TRAILERS, LLC.

110.     Plaintiff re-alleges and incorporates herein by reference all allegations in paragraphs 1 through 109 as if fully alleged herein.

111.     At all times material hereto, STI Holdings, Inc. and Stoughton Trailers, LLC ("Stoughton Defendants") engaged in a business of leasing trailers to Amazon Defendants.

112.     As an entity engaged in leasing equipment for the interstate transport of goods, Stoughton Defendants are subject to Federal Motor Carrier Safety Administration rules and regulations.

113.    Stoughton Defendants breached these rules and regulations by failing to maintain careful practices or procedures to ensure that Amazon Defendants were monitoring who operated the trailers.

114.    Stoughton Defendants entered into contracts with Amazon Defendants without ensuring Amazon Defendants had a proper system in place to ensure safe operation of the equipment.

115.    Amazon Defendants allowed motor carriers with an extensive history of FMCSA violations to operate the trailers.

116.    Stoughton Defendants knew or should have known that Amazon Defendants did not adequately evaluate the motor carriers they allowed to haul Amazon loads using Stoughton trailers.

117.    Stoughton Defendants negligently entrusted Amazon Defendants with their equipment without ensuring that the trailers would be operated in a safe manner.

118.    Stoughton Defendants' acts and/or omissions in entrusting Amazon Defendants with Stoughton equipment is a direct and proximate cause of Plaintiff's injuries and damages.

## COUNT VII - INJURIES AND DAMAGES

119.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 118 as if fully stated herein.

120.    As a direct and proximate result of the negligence and negligence *per se* of Defendants, laid out above, Plaintiff suffered mental and physical injuries requiring extensive medical treatment, as well as other economic and noneconomic damages.

121.       Based on the foregoing, Plaintiff has incurred medical expenses, and will continue to incur medical expenses for her injuries in the future.

122.       As a direct and proximate result of the negligence and negligence *per se* of Defendants, Plaintiff is entitled to recover all special damages in a full amount to be proved at trial, which currently includes, but is not limited to current medical bills totaling over $455,636.11.

123.       As a direct and proximate result of the negligence and negligence *per se* of Defendants, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants for actual and punitive damages, the costs of this action, and such other and further relief as the Court may allow.

This 10th day of March, 2022.

/s/ Estafany Foraker
**Estafany Foraker**
SC Federal Court ID.: 13635
RODEN LAW
8 Gillon St.
Charleston, SC 29401
(843) 790-8999 (p)
(912) 303-5851 (f)
Sfigueroa@rodenlaw.com